IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY DURBIANO | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action 20-1579 |
| KILOLO KIJAKAZI,[1] | ) |
| Commissioner of Social Security | ) |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Jeffrey Durbiano ("Durbiano") brought this action for review of the final decision of the Commissioner of Social Security denying his claim for social security benefits. Durbiano contends that he became disabled on April 1, 2012. (R. 65). He was represented by counsel at a hearing before an Administrative Law Judge ("ALJ") in September 2019. (R. 32-68). During the hearing both Durbiano and a vocational expert ("VE") testified. Ultimately, the ALJ denied benefits. (R. 15-25). Durbiano has filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 16 and 18.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

1

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

2. The ALJ's Decision

At step one, the ALJ determined that Durbiano had not engaged in substantial gainful activity since May 16, 2018, the application date. (R. 17). At step two, the ALJ found that Durbiano suffered from the following severe impairments: status/post right shoulder surgery; status/post left recurring shoulder dislocation; bipolar disorder; generalized anxiety disorder with panic attacks; depression; post-traumatic stress disorder ("PTSD"); intermittent explosive disorder ("IED"); attention deficit hyperactivity disorder ("ADHD"); and migraines without aura. (R. 17). Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 18-19). The ALJ then found that Durbiano had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 19-23). At the fourth step the ALJ concluded that Durbiano had no past relevant work. (R. 23). Ultimately, at the fifth step of the analysis, the ALJ determined that Durbiano was capable of performing work in jobs existing in significant numbers in the national economy. (R. 24). Consequently, the ALJ denied benefits.

3. Discussion

Durbiano assigns a litany of errors committed by the ALJ. For instance, he faults the ALJ for allegedly failing to consider evidence in the record dated prior to his

application date (May 16, 2018). His argument is unconvincing.[2] The ALJ explicitly stated that he "considered the complete medical history consistent with 20 C.F.R. 416.912" – which requires the Agency to develop the complete medical record for a period of at least 12 months preceding the filing of the application. (R. 16). This Court has no reason to doubt the ALJ's representation in this matter. He was not obligated to recite medical records predating the application date simply to assure compliance with 20 C.F.R. 416.912.

Durbiano also takes issue with the ALJ's citation to Social Security Ruling ("SSR") 85-28. The ALJ found that "[t]he above medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." (R. 17). SSR 85-28 is entitled "Medical Impairments That Are Not Severe." In referencing SSR 85-28 while finding the impairments severe, perhaps the ALJ erred, however any such error was harmless. The ALJ found in Durbiano's favor at the second step and the analysis continued. Consequently, Durbiano cannot demonstrate that he was harmed by this error. *See Salles v. Commissioner of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007). Indeed, Durbiano does not even allege that he was harmed in any manner by this finding.

Durbiano also faults the ALJ for failing to give appropriate weight to his complaints of pain. An ALJ must follow a two-step process when assessing pain: first, he must determine whether there is a medical impairment that could reasonably be expected to produce the claimant's pain or other symptoms; and, second, he must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to

---

[2] Notably, nowhere in his discussion of this issue does Durbiano cite to evidence predating the date of his application which would have changed the ALJ's decision.

determine the extent to which they limit the claimant's functioning. Pain alone does not establish disability. 20 C.F.R. §§ 404.1529(a), 416.929(a). Allegations of pain must be consistent with objective medical evidence and the ALJ must explain the reasons for rejecting non-medical testimony. *Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). In evaluating a claimant's statements regarding pain, the ALJ will consider evidence from treating, examining, and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities; descriptions of the pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medications; treatment other than medication; and other measures used to relieve the pain. 20 C.F.R. §§ 404.1529, 416.929. Of course, an "ALJ has wide discretion to weigh the claimant's subjective complaints, … and may discount them where they are unsupported by other relevant objective evidence." *Patricia M. v. Kijakazi*, Civ. No. 19-17087, 2921 WK 3912873, at * 8 (D. N.J. July 16, 2021) (citations omitted). I must defer to the ALJ's determinations unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 031, 95 S.Ct. 1133 (1975).

      Here, the ALJ followed the two-step evaluation process and specifically stated that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (R. 20) He comprehensively discussed the medical evidence and record testimony supporting his findings and also considered Durbiano's statements and testimony regarding his

5

activities. (R. 20-21). The ALJ then concluded that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 20). The ALJ explained that Durbiano's migraines appeared to improve with medication. In fact, he reported not having had a migraine since changing medication in November of 2018. (R. 21). He also reported to his primary care provider that he was doing better with respect to his anxiety and that he had improved energy level and was more active, that despite reporting suicidal ideas and confusion he also reported normal mood and affect as well as normal behavior and judgment. (R. 21). Durbiano was also attending group / individual drug / alcohol counseling. (R. 21). In this Court's view, the record provides substantial support for the ALJ's decision to discount Durbiano's subjective statements as inconsistent with the record is supported by substantial evidence.

Similarly, I find that substantial record evidence supports the ALJ's findings regarding any challenges Durbiano lodges with respect to the ALJ's evaluation of the medical opinions. Durbiano's claim, filed after March 27, 2017, is subject to new Social Security regulations regarding the evaluation and treatment of medical opinions. These new regulations require an ALJ to focus upon the persuasiveness of each medical opinion rather than to accord opinions particular evidentiary weight. See 20 C.F.R. §§404.1520c; 416.920c.  Thus, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative

medical findings(s), including those from [a] medical source." *Id.* at §§404.1520c(a); 416.920c(a).  For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b).  In so doing, the ALJ shall consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive.  *Id.* at §§404.1520c(c); 416.920c(c).  "The most important factors" are supportability[3] and consistency.[4]  *Id.* at §§404.1520c(a); 416.920c(a).  Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors.  *Id.* at §§404.1520c(b)(2); 416.920c(b)(2).  When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors.  *Id.* at §§404.1520c(b)(3); 416.920c(b)(3).  Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above.  *Id.* at §§404.1520c(b)(1);

---

[3] With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support her or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[4] With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

416.920c(b)(1).  Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources.  *Id.* at §§404.1520c(d); 416.920c(d).

After careful review, I find that the ALJ appropriately assessed the medical opinions in light of these standards. For instance, Durbiano contends that the ALJ ignored Dr. Romiti's diagnoses of migraine headaches. I disagree. As set forth above, the ALJ observed that Durbiano's headaches were adequately controlled with medication. (R. 21). Further, Dr. Romiti's diagnosis does not contain any functional limitations and, as such, the ALJ appropriately found the blank form to be neither valuable nor persuasive. (R. 23). With respect to Dr. Roberts, Durbiano alleges that the ALJ erred in finding Roberts' opinion that he had marked limitations in interacting with others to be persuasive, while also concluding that Durbiano was able to work in proximity to co-workers and to require re-direction and / or instructions by supervisions 1-2 times during an 8-hour workday. I disagree. First, the ALJ stated only that he found Roberts' opinion to be only "somewhat persuasive." (R. 22). Second, as the ALJ noted, Dr. Roberts "opined that the claimant had a fair ability to follow work rules, relate to coworkers, use judgment, and function independently." (R. 22-23, 520). Thus, working in "proximity" to co-workers hardly runs counter to Dr. Roberts' opinion. As such, I find no inconsistency. Finally, Durbiano takes issue with the ALJ's assessment of Dr. Legaspi's opinion regarding the functional limitations associated with his left shoulder. Again, I disagree. Dr. Legaspi noted, under the heading "manipulative limitations: reaching in any direction (including overhead):  Limited Left in front and / or laterally Left Overhead." (R. 74). The ALJ found that Durbiano can "never reach overhead with the left, but can frequently reach overhead with the right. For all other reaching, he can

reach occasionally to the left, and can reach frequently to the right." (R. 19). I find there to be no meaningful distinction between Dr. Legaspi's restrictions and what the ALJ articulated. If any difference exists, it is that the ALJ was more generous in his functional limitations because he prohibited any overhead reaching with Durbiano's left hand whereas Dr. Legaspi cautioned only "limited" overhead reaching.

    Simply stated, there is no basis for reversing or remanding the ALJ's decision.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY DURBIANO )<br>      Plaintiff, )<br>)<br>-vs- )<br>)<br>KILO KIJAKAZI, )<br>)<br>Commissioner of Social Security, Defendant. ) | Civil Action No. 20-1579 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 24th day of August, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 16) is DENIED and the Motion for Summary Judgment (Docket No. 18) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge